Opinion or toe Court.
THIS is an appeal thken by Woolfolk from a judgment of restitution, rendered in favor of Overton, upon the trial of an issue joined on the traverse of an inquest taken on a warrant for iij forcible entry and detainer. The case was formerly before this court, and the judgment was then reversed, for error in tlie instruction of the circuit court. On the trial, after the cause was remanded to that court, Overton proved that he and one Fishback, as tenants in common, were actually possess? ed*of the mills, &c. mentioned in the warrant; that the shaliff sold Overton’s undivided half to Woolfolk, and á$ep the sale the sheriff put Woolfolk into possession of Overton’s half; that Woolfolk requested Fishback to take care of his interest in the mills for him, and keep possession for him, until the return of his son, Joseph Woolfolk, from,1down the river; that Fishback didkeep the books of the mills, for himself and Woolfolk, who resided about seven miles from the mills, and retained the possession of Woolfolk’s half of the mills for him, until his son returned, who then entered into possession under the claim of his father, and has, jointly with Fish-hack, enjoyed the same ever since; that the son of *22 Woolfolk returned and-took-possession as above stated,, before the warrant in-this case was issued.
This being all the evidence Overton said he would offer, Woolfolk moved the court to exclude the same from the jury, as being inadmissible and not supporting the warrant; but the court overruled the motion, and Overton excepted.
Woolfolk then read the records of two judgments and executions against Overton, and proved by the sheriff that Overton gave up his-undivided moiety of the mills, to satisfy the executions, and that after duly advertising, he sold the same, and Woolfolk, being the highest bidder, became the purchaser; that on the day of salet he heard Overton request Woolfolk to bid for the mills, and let Overton have them when he should pay the mopeyback; which Woolfolk refused, and said, if he bid, he would bid on his own account; and that after Woolfolk had made that declaration, he heard Overton request him to bid; that after the sale, on the same day, Woolfolk said to the sheriff, that when he purchased property he. wished to get possession of it, and- the sheriff told him, he would put him in possession of one half of the mills; that Overton was present when this conversation took place, but said nothing, and when the sheriff, Woolfolk and others started for the purpose of going to the mills, to put Woolfolk in possession, Over-ton went part of the way, about fifteen or twenty steps,, and stopped, and that the sheriff went on and delivered' possession to Wo.olfolk..
Overton then proved by a witness, that he heard; Overton request Woolfolk to bid for the mills for him, and that Woolfolk declared, if he bid, it would be for himself; but that after that declaration, he didnot hear Overton request Woolfolk to bid; and that the same, witness heard Woolfolk say, that he had put his son into the possession of the mills, intending to deed them to him, when he got a deed from the sheriff.
On this evidence the circuit court, at the instance of Woolfolk, instructed the jury, that if they believed Overton consented to the sheriff’s giving Woolfolk the possession, and the sheriff did give the possession, the law was for Woolfolk. The court was then moved, hy Woolfolk, to instruct the jury, that if they believed, from the evidence, that at the time the warrant was taken out, the son of Woolfolk was in possession of the. *23 mills by gift from bis father, although the gift was by parol, and that the son received the profits, and that his father was in no other or further possession than by the occupancy of his son, then the possession of the defendant, Wooifolk, was not such as to authorise this action; but the court refused to give this instruction, and Wooifolk excepted. The jury found a verdict for Overton, and Wooifolk moved the court for a new trial, on the ground that the verdict was against evidence; but the court overruled the motion, to which Woolfolk also excepted.
These several exceptions, taken by Wooifolk to the opinions of the circuit court, present the only points which aye made by the assignment of errors fin this court. - x
We have no hesitation in according with the circuit court in its refusal to exclude from the jury the.evidence given by Overton. There is no, specific objection stated to its admissibility, and we are utterly unable to perceive any, to which it is, in our opinion, justly liable. It certainly cannot be pretended that the evidence was inadmissible on the ground of its being immaterial; for it tended directly to establish the facts, that Overton was in the actual possession of the premises in question, and that Wooifolk had entered upon that possession without, as far as had then appeared, having obtained the assent of Overton for doing so; $nd these are the only facts requisite to, maintain a warrant for a forcible entry, under the act regulating the mode of proceeding in such cases.
Upon general principles, evidence which conduces to prove any one material fact involved in the issue, is admissible; and surely that must'be much more so, which conduces to establish every fact requisite to maintain the issue. Nor can we imagine, that the evidence could be supposed to be inadmissible, because it was not the best that the nature of the case admitted. It is true, that the evidence consisted of parol proof only, and it speaks of a sale by the sheriff, which is usually evidenced by record; but the sale by the sheriff was wholly immaterial. The actual possession of Overton, and the entry upon that possession by Wooifolk, were, as-we have seen, the only material facts to be established; and these, from their very nature, were obviously susceptible of parol joroof only. In short, we can imagine *24 no ground of objection to the evidence, which is tena* ^le, and of Course we are of opinion that the circuit court w;as correct in refusing to exclude it as inadmissible.,
Ail occupation of land under a pa-rol gift from tlie owner, will be considered as an occupation by tlie own-dr.
A sheriff who solls real es-í>xeoü(ion' cannot law-theconsont of the former owner. fully deliver possesion to the purchaser, ’without
The purchas- or’shavingde time ofthe*6 sale, in the presence of the former owner, that he expected if he purchas-t0 l’ut andfheihr-11’ mer owner’s standing by pos&essiorfde-livcred by the sheriff, without maKfegany ariraótsfroai which a,jury may infer his ^ conclusive evidence ufítí.
*24 Í. We also concur with that court in the propriety of refusing to instruct the jury that the possession of Wool-folk was not such as to authorise this'mode of proceeding. This instruction was asked, upon the hypothesis that the son of Woolfolk had entered upon the premises in question, claiming under his father, by a parol gift, before the issuing of the warrant; but surely th£ possession of the son could not purge the original wrong done by the forcible entry of the father* It could not, we apprehend, divest the father of the possession; for as the son had no contract with his father, which could be enforced, he must be considered as holding at the pleasure of his father; and, of course, his possession was in fact the possession of the father, under whom, and in whose right it was held.
2. The point with respect to the new trial, which alone remains to be noticed, is not without some difficulties. We are, hoover, inclined to think that the case *s ^ oneín which vve ought to interpose, to direct a new trial i*1 opposition to the opinion of the circuit court. Though the sheriff had authority to sel} the. premises in question, under the execution, he bad no authority to deliver-the possession to Woolfolk, the purchaser, as was held in the former opinion of this court. To gain the possession, therefore, Woolfolk would be bound to resort to the modes allowed by law; and the law does not permit one even who has right, to enter upon the actual possession of another, without his assent; and if he does so, he is guilty of a forcible entry in law. Hence it was necessary, in order to defeat the recovery m this case, for Woolfolk to prove the assent ofOverton to the delivery ofthe possession by the . J r j sheriu.
When the case was formerly before this court, we thought the circumstances of Overtoil’s encouraging Woolfolk to bid, and of his not objecting to the sheriff’s delivering possession, when he knew that he was about f0 (J0 so, conduced to prove Overton’s assent to Wool-fall’s taking possession; and we therefore held the instruction of the court, that on the whole evidence the law was for Overton, to be erroneous; because it as- *25 Su mod the decision of the fact, which properly belong-ad to the jury. ' But, on the second trial, the court, by its instruction, directed the attention of the jury to the ihct, and they having decided it, their decision-, under the circumstances of this case, sanctioned as it is by the opinion of the jpdge presiding over the trial, must be deemed conclusive. Cases tnay, no doubt, occur, in Which, the verdict of a jury may be so flagrantly against evidence, ihat this court would be justified, even in op> position to the opinion of the court belgw, to award a new trial. But lids is not one of that character. The evidence was merely circumstantial, and the ciicuin-stances are such as to admit of a rational explanation, consistent with the verdict. Thus, the circumstance of Overton’s not objecting to the sheriff’s delivering possession toWoolfolk, which is by far the strongest circumstance in the case, of Overton’s assent to Woolfolk’s taking possession, might have been accounted for by the jury, on the ground that Overton supposed, and the sheriff himself no doubt did, that he was authorised by law to deliver the possession without the assent of Overton; and the other circumstances may be explained upon the same principle.
^.e b aiJthqrity to do so* ^oVpJ^udic'is him.
Anev/ trci^ rc-ll6't ■
Upon the whole, therefore, we think there existent) sufficient reason for setting aside the Verdict and grant•ing a new trial.
The judgment must be affirmed with costs*