Opinion of the Court,
by Judge Owsley.
THIS as an action of covenant, brought by Lewis' in the court below, against Conn, on the following written agreement:
“Articles of agreement entered into and confirmed this 16th of August, 1820, between Hezekiah Conn of Union county, state of Kentucky, of the one part, and J0fin Lewis of Henderson county, and state aforesaid, ofthe other part, witnesseth: The said Conn binds himself to furnish hands to keep two brick-moulders at work while making and putting up in a house or houses the amount of three hundred and forty dollars, one half of which sum, Conn has paid to said Lewis in hand, the balance, which is one hundred and seventy dollars, ^onn *s Pay whenever the work is completed by said Lewis. Now, Lewis, for his part, and for the above aliuded to payments, binds himself to burn, make and put Up (jj-ick, all in a workmanlike manner, for said Conn, to the amount of the above alluded to three hundred and forty dollars, and binds himself to do the work immediately, so far as making, burning and putting up the brick in a house or houses.' It is understood Conn is to furnish a reasonable quantity of hands while making, burning and putting up the brick, and furnish lime, sand, &c. and attendance while putting up the brick in a house or houses, at three dollars and a half per thous- and, subject to the above conditions. We bind oui'selves each unto the other, in the penal sum of two thousand dollox-s. Witness, &c.
Hezekiah Conn,
John Lewis.”
*67 The declaration of Lewis, after reciting the agreement, alleges that he did faithfully, according to the form and effect of the said article of agreement, perform all and singular the said covenants and agreements, on his part to be pérformed, except wherein he was prevented by the said defendant’s (Conn’s) not performing his part of the said agreement; and the said Lewis further avers, that he was ready and willing, at all times, to perform the said agreement, on his part, but was prevented by the defendant’s not furnishing a sufficient quantity of hands, lime, sand, &c. according to the tenor and effect of the said agreement; and the said Lewis, in his declaration, for breach alleges the failure of Conn, the defendant, in not paying the $170, &c.
Conn pleaded three pleas. By the first, after craving oyer of the writing declared on, he alleges that the said Lewis did not faithfully, according to the force and effect of the said article of agreement, perform all and singular the said covenants and agreements, on his part to be performed, except wherein he was prevented by the said Conn’s not performing his part of the said agreement, &c.
By the second plea, Conn alleges that the said Lewis was not ready and willing, at all times, to perform the said agreement, on his part, according to the tenor and effect thereof, &c.
And by the third'' plea, Conn alleges, that the said Lewis was not prevented from performing the agreement, on his part, by the said Conn’s failure to furnish a sufficient quantity of hands, lime, sand, &c.
To each of these pleas, Lewis demurred, and the demurrers being joined by Conn, the court rendered judgment upon each demurrer for Lewis, and abiding by his pleas, Conn made no further answer, and after causing an inquiry of damages to be made by a jury, final judgment was thereon rendered against Conn.
The court below appears to have entertained the opinion that the covenants contained in the agreement upon which this suit is founded, are mutually independent, upon which either party may maintain his action against the other, without averring a performance of the covenants on his part; and if, in that opinion, the court be correct, the judgment sustaining the demurrer to each plea, was undoubtedly proper; for the object of each plea was to draw in question either the ac *68 tual performance or the readiness of the plaintiff t© perform the covenants on his part, and neither of which can be material or pertinent, if .the performance of the covenants on the part of the plaintiff, be not precedent conditions to the covenant of the defendant, upon which the plaintiff has assigned the breach in his declaration.
But, in the opinion that the covenants of each party are mutually independent, we cannot concur with the court below. In determining whether covenants are dependent or independent, questions of much difficulty not unfrequently occur. The difficulty does not, however, arise from any obscuity in the principles ofdaw which govern such cases, but in ascertaining the intion of the parties; for no principle has been more frequently recognised by courts, and none carries with it greater internal evidence of propriety and fitness, than that which makes the dependence or independence of covenants, depend on the intention and meaning of the parties. It would, indeed, be strange, if such ■were not the case. The parties have an undoubted right to make their covenants dependent or independent. They have a right to mould their contracts so as to suit their mutual convenience and interests, and when the courts can ascertain their meaning, they are so to construe the contract as to give effect to that meaning, provided the purpose be lawful.
If, therefore, the intention of the parties forms the rule by which the true character of the covenants is to be tested, it follows necessarily, that the covenant of the defendant to pay the risidue of the price not paid, must be dependent upon the plaintiff’s performance of his covenant to do the work which he agreed to accomplish for the defendant; for it was not until the plaintiff should complete the work, that the defendant covenanted to pay, and, of course, the parties must be understood to have intended to make the completion of the work by the plaintiff, a condition precedent to the payment of the money by the defendant. It is true, that part of the price which was to be paid by the defendant for the work, was advanced by him to the plaintiff upon entering into the contract; and we are aware, that a circumstance of that sort has been held to alter the construction which would otherwise have been put upon the contract as to the dependence or independence ©f the covenants. But we are utterly incapable of con *69 ceiving how it is possible, in this case, to make the payment which was made by the defendant, have any favorable application for the plaintiff. It is equally competent for the parties to make part of their -covenants dependent, as to make the whole of them so; and after receiving part of the pay for the work, the plaintiff, in language not to be misunderstood, has Undertaken to complete the work before the residue of the price was to be paid by the defendant. The stipulation of the defendant, is, to pay the residue of the price unpaid, whenever the work which was to be performed by the plaintiff, should be completed; and it would be absurd, to infer from such a stipulation, that the parties intended the defendant should pay before the work was entirely performed.
_ The performance of the work on the part of the plaintiff, must, therefore, be considered a condition precedent to the payment of the residue, of the price by the defendant, and, consequently, the plaintiff was correct in so treating it in his declaration.
We are aware, that the declaration of the plaintiff contains averments which imply a charge of his having performed part of the work, which, by the covenants on his part, he was bound to perform; but that circumstance, if true, cannot be admitted to change the effect of the agreement of the parties. Such a circumstance would, no doubt, be deserving consideration in giving a construction to an agreement of dubious import; but, in that case, it would be resorted to merely for the purpose of ascertaining the probable intention of the parties, and whenever the intention is clearly expressed in the agreement of the parties, that intention must control the construction to be given to the agreement, regardless of any consequences resulting from a partial performance by either party; and we have already observed, that the agreement in this case contains clear internal evidence of an intention in the parties that the stipulation on the part of the defendant, was qot to be performed until the work should be entirely completed by the plaintiff.
it follows, therefore, that the court erred in sustaining the demurrers of the plaintiff to the defendant’s pleas; for each of the pleas, in substance, goes to traverse allegations contained in the declaration, and which were essential to be made, upon the supposition that *70 the performance of the covenant on the part of the plaintiff, is a condition precedent to the performance of the defendant’s stipulation to pay.
The judgment must be reversed with costs, the cause remanded to the court below,- and unless the plaintiff withdraws his demurrers and replies to the pleas, judgment must be there entered in favor of the defendant, upon each demurrer. But should replication be made to the pleas, further proceedings must be then had, not inconsistent with this opinion.