CASE 107—PETITION ORDINARY—SEPTEMBER 30.

94    603
f132   178

# Whitley County Land Company v. Lawson.

### APPEAL FROM WHITLEY COURT OF COMMON PLEAS.

1. CONFLICTING PATENTS — ADVERSE POSSESSION.—Where there are conflicting patents for land, and the junior patentee enters upon and holds the actual possession of a part of the interference, claiming the interference to the extent of his patent boundary, the senior patentee not being in the actual possession of his land at the time of such entry and occupancy, the junior patentee acquires the actual possession of the whole interference, and the subsequent entry of the senior patentee upon and occupancy of his land outside the interference does not give him the actual or constructive possession of any part of the interference, nor does his entry upon and occupancy of the interference give him the possession of it except to the extent of his inclosure.

2. SAME.—Where a conveyance covers several pieces of land that are distant from each other, the possession of one in the name of the whole does not give the owner actual possession of the whole.

HILL & DENHAM FOR APPELLANT.

1. Such patents as the one to Clapp, notwithstanding the fact that it excludes several thousand acres of land previously legally surveyed and patented, have been sustained by all recent decisions of this court. (Hall v. Martin, 11 Ky. Law Rep., 241; Moses v. Gatliff, &c., Idem, 356.)

2. One can not have possession of land not patented in such a way as to avail himself of such possession anterior to an older patent. (Chiles v. Calk, 4 Bibb, 554.)

3. Appellee's possession will be limited to his actual close. (Brooks v. Clay, 3 Mar., 545; Smith v. Morrow, 5 Litt., 211; Hunter v. Christman, &c., 6 B. M., 465; Trimble v. Smith, 4 Bibb, 257.)

4. Appellee's possession could not by construction be extended beyond his enclosure even though his possession were within the interference. (Davidson, &c., v. Coombs, 5 Ky. Law Rep., 815.)

LESTER & KING FOR APPELLEE.

No brief in record.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant claims the land in controversy, under a patent granted by the Commonwealth in 1876, for

forty-eight thousand and forty acres of land.  The patent includes about one hundred and six thousand acres, but the quantity above named is all that is patented.  The other is excluded because previously patented.  The boundary calls to run with county lines, &c.  The appellee claims a small piece of land by patent, which is junior in date to that of appellant, and by adverse possession for fifteen years.  The appellant's patent covers the appellee's said land.  The appellee has only occupied a small strip of the land claimed by him for fifteen years.

The appellant was not in the actual possession of any part of its survey at the time the appellee's occupancy commenced, nor has it entered upon any part of the interference since then, and taken possession of it.  The question is, does the appellee's actual possession of a part of the interference and claiming to the extent of his patent boundary, give him an actual possession of the whole and oust the appellant's constructive possession?  The court instructed the jury that if the appellee's patent covered the land claimed by the appellant, and the appellee had, for fifteen years before the bringing of this suit, been in the actual occupancy of a part of said land within his patent boundary, claiming to the extent of said boundary, they ought to find for the appellee, which the jury did.

When there are conflicting patents for land, and the junior patentee enters upon and holds the actual possession of a part of the interference, claiming the interference to the extent of his patent boundary, and the owner of the senior patent is not in the actual possession of his land at the time of such entry and occupancy by the junior patentee, then

the junior patentee acquires the actual possession of the whole interference, and the subsequent entry of the senior patentee upon and occupancy of his land outside of the interference does not give him the actual or constructive possession of any part of the interference; nor does his entry upon and occupancy of the interference give him the possession of it, except to the extent of his inclosure. (See Fox v. Hinton, 4 Bibb, 559, and Ware v. Bryant, 14 Ky. L. R., 852.)

There was no actual possession of any part of the appellant's survey at the time the appellee entered upon and took the possession of the interference. But if we are mistaken as to the appellant being in the actual possession of some one of the pieces of land covered by its patent, for the patent covers many pieces that are not only separate, but many miles apart, it is certain that the appellant, or those under whom it claims, held no actual possession of any part of that piece now the subject of controversy at the time the appellee entered upon a part of the interference, and we think that no one will dispute the proposition that an entry upon one piece of land, and in the name of the whole, under a conveyance that covers several distinct pieces that are distant from each other, as in this case, does not give the owner the actual possession of the whole.

We have treated the patent as valid in passing upon this case, because the parties have treated it as valid, but we do not wish to be understood as passing upon its validity. That matter is not passed upon. The instruction quoted, according to the undisputed facts of this case, is correct.

The judgment is affirmed.