# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## JANUARY TERM, 1911.

### Ritchie v. Owsley.

(Decided March 18, 1911.)

#### Appeal from Knott Circuit Court.

A junior patentee entering first within the lap is in possession to the bounds of his patent, and his possession will not be broken by the subsequent entry of the senior patentee without the lap; but if the entry of the senior patentee is within the lap, the possession of the junior patentee will then be confined to his close.

O. H. POLLARD and W. W. CRAFT for appellant.

SMITH & COMBS for appellee..

EXTENDED OPINION BY CHIEF JUSTICE HOBSON.

In Fox v. Hinton, 4 Bibb. 559, the court had before it these questions:

"1. Where there are two patents interfering in part, and before possession is taken under the elder patent of any part of the land within its boundaries, one deriving title under the junior patent enters upon the land within the interference, with an intention to take possession thereof, whether the possession of the person so entering shall be construed to be co-extensive with the interference, or shall be confined to his fence or close?

"2. If his possession should be construed to be co-extensive with the interference, and afterward within less than twenty years an entry be made under the elder patent, but not within the interference, whether such

vol. 143—1

entry should be construed to give to the person making it the actual possession of the land within the interference, except that which was inclosed under the junior patent, and thereby be made to prevent the statute of limitations from running against his right of entry?''

Having held in answer to the first question that the possession of the junior patentee was co-extensive with the interference, the court in answer to the second question said:

''As to the second question, there is, we apprehend, still less room to doubt that such an entry as is supposed under the elder patent, could not have the effect of giving the person making it the actual possession of the land within the interference, and thereby prevent the statute of limitations from running against him. The entry, to be good for such purpose, should be made upon the land included in the interference; for to oust an actual possession, there must be an entry upon the possession.''

Again in Gaines v. Conn., 2 J. J. M:, 108, the court said:

''Possession by the junior patentee, within the interference, is co-extensive with the bounds of his patent. But if the elder patentee entered afterwards on the land, common to both patents, the possession of the junior patentee would be restricted to his enclosure. Hord v. Bodley, 5 Litt., 68; Smith, et al. v. Morrow, Ib., 210; Taylor v. Shield's heirs, et al., Ib., 296.

''If the elder patentee take possession of land, not covered by the junior patent, the previous possession of the junior patentee remains, by construction of law, co-extensive with his boundary. Fox v. Hinton, 4 Bibb, 559; Smith's heirs v. Lockridge, 3 Littell, 21.''

These rulings have been consistently followed by the court since. (See McDowell v. Kenney, 3 J. J. M., 516; Summers v. Green, 4 J. J. M., 137; Taylor v. Cox, 2 Ben Mon., 429; Campbell v. Thomas, 9 Ben Mon., 82; Whitley Co. Land Co. v. Lawson, 94 Ky., 604; Ky. Land & Immigration Co. v. Reynolds. 22 R., 603.) In the original opinion we used this language:

''Or if the owner of the senior grant be not in the actual possession of the boundary in his grant, but enters thereon before the patentee of the junior grant has ripened a title by adverse possession, the latter will ipso facto be restricted to his actual close.'' (See Ritchie v. Owsley, 137 Ky., 68.)

In saying this, as shown by the preceding part of the opinion, we had in mind a settlement of the senior patentee within the lap. The rule as stated applies where the senior patentee subsequently settles within the lap of the junior patent. We did not have in mind the case of a subsequent settlement by the senior patentee without the lap of the junior patent, or intend to depart from the rule which the court had heretofore laid down.

The opinion is modified as indicated.