## Hollars v. Rains, et al.

(Decided January 13, 1925.)

### Appeal from Wayne Circuit Court.

Boundaries—Established Lines of Prior Survey Called for in Patent Control Boundary Lines of Subsequent Survey.—If a prior survey is called for in a patent as its boundary, and the lines of the prior survey are established lines, they control boundary lines of subsequent survey.

CRESS & CRESS for appellant.

J. P. HARRISON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On January 1, 1844, a patent was issued to Thomas Decker for one hundred acres of land. Appellants claim under this patent. On August 13, 1855, a patent was issued to Jesse Miller for two hundred acres of land. Appellees claim under this patent and claim that the land in controversy is not included in the Decker patent. The question presented is, therefore, the proper location of the Decker patent. It is conceded that the Miller patent covers the land in controversy, but that patent is void insofar as it lapped on the Decker patent. The controversy is roughly illustrated in the following map:

The beginning corner of the Decker patent is at (1). There is no dispute about the first eight lines. The seventh call is to an ash and elm. This corner is undisputedly at (7). The remaining calls of the patent are in these words: "Thence N. 10 degrees E. 60 poles to Dean's line on Difficulty branch at a stake. Thence with his line up the branch to the beginning." It is conceded that the stake in Dean's line on Difficulty branch is at (8) on the map. The controversy turns on the location of the closing line or lines of the survey. Appellees claim that the survey should be closed by running a straight line from (8) to (1). Appellants insist that the survey should be closed by following Dean's line up the branch and around to the beginning, 8, 9, 10, 11, 1.

As the survey calls to run with Dean's line up the branch to the beginning, the beginning corner must be in Dean's line. Dean's line does run up the branch. The location of Dean's line is undisputed. The line from (8) to (1) does not run up the branch or with Dean's line. It runs a few yards with a branch and then runs over two ridges.

In Albertson v. Chicago Veneer Company, 177 Ky. 292, this court, citing a number of previous opinions, thus stated the rule as to the location of a survey which calls for the lines of an older patent:

"If a prior survey is called for in a patent, as its boundary, and the lines of the prior survey are established lines, then they control the boundary lines of the subsequent survey, which calls for them."

The rule is based on the known fact that persons taking up land adjoining an older patent aim to run with the lines of that patent to avoid conflict with it and to avoid leaving out a strip of land between the new survey and the old.

It is very common in Kentucky patents that the closing line or lines should be designated as running with the older patent to the beginning, where the beginning corner is in one of the lines of the old patent. The rule, as above quoted, has so often been declared that it is not now open to question. In a few cases the surveyor's plot and other circumstances have been held sufficient to show that the surveyor thought that the line he indicated was the line of the old patent, when in fact it was not a line of that patent. But nothing of this sort is shown

here.    It is not shown that the surveyor ran any line after he reached (8) and the phraseology used indicates that he did not do any further surveying, for he gives neither course nor distance, and this is the usual form where the survey calls to a line of the old patent and with the line of this patent to the beginning.    There is nothing to indicate that the patentee intended to leave a strip of thirty or forty acres between him and the Dean patent.    The language of the grant repels this inference.

The court should have instructed the jury peremptorily that the Decker patent and the deeds under which appellants hold include the land in controversy.

Thomas Decker on September 29, 1848, conveyed to Jesse Miller the land covered by his patent.    While Miller held this land he obtained the two hundred acre patent above referred to, and after this he conveyed by warranty deed on October 13, 1865, the Decker tract to Riley Parnell, under whom appellants claim.    If on another trial there is evidence sufficient to take the case to the jury on the question of adverse possession, the court will instruct the jury as to the extent of possession of Miller's vendees under the warranty deed.    Richie v. Owsley, 137 Ky. 68, 143 Ky. 1; Hopson v. Cunningham, 161 Ky. 162, Caughlin v. Wilson, 167 Ky. 44.

As the judgment must be reversed for the reason above given, and the evidence as to adverse possession is reported in abstract and the facts are not sufficiently shown to enable the court to intelligently pass on it, the question of the sufficiency of the evidence to take the case to the jury thereon is reserved.

Judgment reversed and cause remanded for a new trial.