*559 OPINION of the Court, by
Ch, J. Bovcu.
This is a writ of error to a judgment given for the defendant in error in an action of ejectment brought against him by the plaintiff.
The questions which we deem material to be decided in this case, may be thus stated :
1st. Where there are two patents interfering in part, and before possession is taken under the elder patent of any part of the land within its boundaries, one deriving title under the junior patent enters upon the land within the interference, with an intention to take possession thereof, whether the possession of the person so entering shall be construed to be co-extensive with the interference, or shall be confined to his fence or close ?
2d. If his possession should be construed to be coextensive with the interference^ and afterwards within less than twenty years an entry be made under the elder patent, but not within the interference, whether such entry should be construed to give to the person making *560 it, the actual possession of the land within the interference, except that which was enclosed under the junior patent, and thereby be made to prevent the statute of limitations from runni ng against his right of entry ?
1st. As to the first question, we are of opinion the possession of the person making such entry under the junior patent should be construed to be co-extensive with the interference. There is no doubt that according to the settled doctrine of the common law, a person might by entering upon a part of a tract or parcel of land in the name of the whole, gain the possession of the whole, where the possession w as at the time of making such entry vacant. If, indeed, the person making such entry had a right of entry as to part of the land, and not as to the residue, his entry upon that part to which he had right, would not be construed to give him possession of that part to which he had no right, as was decided in the case of Trimble vs. Smith, &c. ante 257: for that would be making an act which was in itself right, wrongful by construction ; but where the entry is made upop that part to which he had no right of entry, the act is in itself wrongful, and cannot be made right by construction. In such a case, therefore, we can perceive no reason for limiting his possession to his close or fence, especially in this country, where the close orfence is not the usual boundary which separates different tracts or parcels of land from each other.
2d. As to the second question, there is, we apprehend, still less room to doubt that such an entry as is supposed under the elder patent, could not have the effect of giving the person making it the actual possession of the land within the interference, and thereby prevent the statute of limitations from running against him.
The entry, to be good for such purpose, should be made upon the land included in the interference; for to oust an actual possession, there must be an e^it.ry upon the possession. Thus says Coke in his commentaries on Littleton, 252 : “ If three men dissieze me severally of three several acres of land, and I enter into one acre in the nameof the whole; this is good for no more than that one acre, because their entries were distinct; and each having an independent possession, an entry upon one of them can never affect the rest so as to destroy their separate possessions.” So, according to the same authority, if there be but one disseisor, and he conveys in fee, *561 te- leases for life several parcels to different persons, tlie entry of tlie disseisor upon one of the grantees or lessees, will revest the possession of so much only as belongs to that grantee or lessee.
The decision of the court below, having been in conformity to the foregoing opinion, is correct.
Judgment affirmed with costs.