Judge Logan
delivered the opinion of the court.
This was an action of ejectment, in which the opinion *61 oí the court upon the following points, presents the only questions for the determination of this court.
To change l,’echaracter sionfromad-verse to amicable,somea^ty'obíiga-tory, must be j made, ac-the^lüí'of the plif a mere verbal agreement to over-hanging title will not ?,0P run" j^,0 0'f tations.
. A posses-ofmeiand'io controversy, is possession interference6 _vi<le post, Uraxdale vs sPeeii-
i. On the part of the plaintiff, the court was moved to instruct the jury, “that if they were satisfied from the evidence, that there had been a contract for the land in controversy between the lessor of the plaintiff and tenant Coons, although it was by parol as spoken of by the wit-nesscs, yet it was such acknowledgment of title in the lessor of the plaintiff as rendered the possession so amicable, as to prevent the statute of limitations from running against the lessor of the plaintiff.” Which instruction the court refused to give.
But gave the following, upon the motion of the defendants, “that if the jury were satisfied from the evidence, that the defendants or their ancestor, by themselves or tenants, had been twenty years in continued possession of the land in controversy, under the patent of William Ellis, their ancestor, that the plaintiff’s action was barred as to the whole land, although the land had not all been used or occupied by an actual enclosure for 20 years.”
Upon both points, we concur in opinion with the court below.
It is not pretended apd the record does not warrant the idea, that either of the defendants claimed by lease or as tenant of the plaintiff’s lessor. Possession by some one or more of them had been continued from the year 1792, until 1811, under the claim of Ellis, when the lessor of the plaintiff became the purchaser of the adversary right; and agreed with Coons, one of the tenants in possession, who, by marriage, had become interested in the claim of Ellis, that he should have the benefit of his purchase at the price of one dollar per acre. The contract was by paro!, and subsequently treated by each party as not obligatory, as certainly it was not. It is impqssible in the nature of things, that an agreement, not legally binding, can change an adverse into a friendly and united possession. This is not like the case of Gay and Moffit, in which there wras a written contract, with a covenant to pay rent on certain contingencies. Then a good defence was created in favor of the tenant in possession under the plaintiff’s claim: whereby the possession previously hostile was converted into a friendly possession, which furnished the defendant with the ample means of defence under the same title.
Upon the 2d point, there is less room to doubt the cor- *62 redness of the opinion, in giving the instructions ashed, The case of Fox vs. Hinton, (4 Bibb, 559,) is directly applicable to this point, and for the reasons contained in that opinion, the instructions upon the present question were properly given.
Bibb and Wickliffe for appellant, Pope for appellee.
The judgment must be affirmed with cost.