Judge Owsley
delivered the opinion of the court.*
This is an appeal from a judgment rendered against Lee, in a traverse taken by him to an inquest had in a proceeding for a forcible detainer.
Lee was plaintiff in the warrant which issued from the justice; and as the forcible entry complained of by him, can only have been committed by M’Daniel by entering upon Lee’s possession, the only question which can have occurred in the court below, and which should now be considered by this court, involves an enquiry into the fact of Lee’s possession when M’Daniel entered upon the land.
That Lee was so possessed, we are of opinion the evidence clearly and satisfactorily proves. For he is not only gj ewn t0 have a for the land, but he appears to have entered upon it with an intention Oi taking the possession, and although he is not proven to have himself resided upon *3 proven to have settled, within the boundary of his patent, two tenants, both of whom, at the time M’Daniel took the possession, and for a long time previous thereto, resided upon Lee’s claim.
The settlement of M’Daniel, it is true, is not shewn to be included within the improvement of either of those tenants; but as the tenants aré not proven to have leased any precise and definite boundary, the circumstance of their *235 having taken possession under Lee, when taken in connec* tion with the other evidence in the cause, conducing to shew the entry of Lee, with an intention to become possessed, the possession so gained should be construed to extend to the boundary of Lee’s patent.
A patentee t0 atl 0CCupantf vikoseposwi-acquires pos" session only the limits p^tT —vide post, Waugh vs. aná '
pihb and JIardin for appellant, ¿Pope for appellee.
Hie possession of Lee thus proven, we are of opinion, cannot be repelled, by reason of any evidence introduced |>y M’Daniel for the purpose of shewing a constructive possession in Marshall, under whom he entered upon the land.
Marshall, it is true, holds a patent, of older date than that of Lee’s; and although it appears to include the land atl jn contest, as well'as the claim of a certain Conway, who seems also to have been living upon the land, as he on the trial,, under a contract with the agent of Marshall; yet as Conway gained his possession under a purchase of 350 acres from Grant, and as the contract with Marshallt0 appears to have been intended to protect that possession only, Marshall ought not, in the absence of all other evidence, to be construed to have gained under that contract any possession beyond the possession of Conway; and consequent-]y, as Conway’s 250 acres, purchased from Grant, is not shewn to include any part of Lee’s claim, Marshall cannot through Conway, be supposed to have been possessed of the land now in contest, when M’Daniel entered. M’Daniel, therefore, as he was proven to have entered upon the possession in fact of Lee, and as that entry was without the assent of Lee, in contemplation of law, he was guilty oí a forcible entry, and, consequently, the jury improperly, on the trial of the traverse, found against Lee; and the court also erred in not awarding a new trial.
The judgment must be reversed with cost, the cause remanded, and a new trial had, not inconsistent with this opinion. ■ *

Absent. Judge Logan.