The Chief Justice
delivered the opinion of the court,
This was an ejectment, on the trial of which it appeared that the lessors of the plaintiff derived title to the land in controversy, under a patent for a pre-emption of 1000 acres, interfering, in part, with a settlement and pre-emption under which the defendant held possession; that the patent of the lessors of the plaintiff was elder than that Of the defendant; that the latter had settled upon and improved part of the settlement within the interference, more than twenty years prior to the commencement of this action, and had continued to hold possession thereof ever since, but had not settled upon the pre-emption, within the interference, only about five years before the action was commenced; and that subsequent to the defendant’s entering upon and ' improving the settlement, the lessors of the plaintiff, by tbeir agent, took possession of apart of tbeir pre-emption, outside of 1⅛ Unes of both the settlement and pre-emption of *347 the defendant, and with an express intention not to inter» Pquo iKofOttflfll
The^m®. "⅞“ an give the extent, of the "the eníí-^ thus an eider pa-!-entee euter-⅛,⅜ outside of a fml°rcp c0"' f,;,hPaá design not to inferiere, ac-p,^0. session with-⅛ >he junior
pateatee ¡¡didingbothsei-a,Vj0elu,r,g wnich i'uter-⅜ Wllil ¡ n ;í i,ee;ueroll ⅛ seme. ment & Ah-in -.liejn er teu-nee - and wi ¡i inve¡i■ tohoid o vn ot acquires session i© the bX¿nt °* exv bo !i
*347 ' On this state of the case the defendant moved the court to instruct the jury, that if they were satisfied from the evidence that the defendant had entered upon the settlement survey, claiming title to the whole of the land within the lines of both the settlement and pre-emption, more than twenty years before the commencement of this suit, and from the time of such entry, had held the actual, uninterrupted possession pf any part of the settlement yvithin the interference, until the presefit time, such actual adverse possession of a part of the settlement survey, claiming title to the whole, would extend to the whole interference with both the settlement and pre-emption surveys, and that they aught to find for the defendant; but the court refused so to instruct the jury, and instructed them that the defendant’s possession of the settlement survey tvould not extend to the pre-emption survey.
The only question presented for our consideration is, whether this decision of the circuit court is correct or not?
As the possession of the lessors of the plaintiff, by their agent, of part of their pre-emption outside of the defend-aut’s settlement and pre-emption surveys, was taken with an intention not to interfere therewith, it is plain that it cannot operate to oust the defendant of the possession of any part of the interference which he had previously gained: tor in no case cap the possession ot anyone be construed to extend farther than he intended it should go. Assuming this to be the case, there can be hut little doubt that the circuit court erred in instructing the jury that the defendant’s possession did not extend to the pre-emption survey. In the case of Fox vs. Hinton, 4 Bibb, 559, it was held that where there yvere two interfering patents, an entry under the junior patent on a part of the interference with an intention to take possession of the whole, gave to the person making such entry, the possession of the interference to the extent of his claim. And the only circumstance which can distinguish that case from the present is, that the defendant in this case claims two surveys, or parcels of land, instead of one, as was done in that case. But in principle that circumstance can make no difference, Forif, where a man’s tract consists of a single parcel, be can, by entering upon apart, acquire the possession ot the yvhole, we can perceive no reason why he may not, by enter-
^°Pe f°r appellant, Bibb for appellee.
mg upon one parcel, where his tract consists of several ad? jo'hifig parcels, acquire the possession of the whole. , ft is the intention with which the entry is made, which must re-guíate the extent of possession in the one case as well as j[,e other. A contrary doctrine' would be attended with . • .. . . • ’ "i • ’ > -. inconvenient and mischievous consequences, and we appre-bend is wholly unsupported by any authority.
Judgment reversed with cost, and the cause remanded trial to be had not inconsistent with the foregoing opinion. , ’ '