The Chief Justice
delivered the opinion of the court.
This was an action of trespass quare clausum fregit — The declaration alledges that the plaintiff was actually possessed of a tract of land in the circuit, &c. and that the defendants, with force and arms, entered upon the said tract, and then and there, cut down a 1000 trees, and took and carried away 1000 pannel of rails, &c.
The defendants demurred to the declaration, and plead not guilty, with leave to give any matter in evidence which might have been pleaded.
The circuit court overruled the demurer, and on the trial *447 of the issue it appeared from the evidence that the plaintiff and the defendants claimed the land where the trespass was committed, under adverse patents interfering in part. That under which the defendants claimed being the elder, that one Marks, under whom the plaintiff claims, had settled on the place where the plaintiff now lives, in the year 1789, being outside of the interference; that twenty two or three years ago he had enclosed a small part of the interference, and about fifteen years past had inclosed a number of acres, declaring, at the same time, that he took possession of the disputed land that the matter might be brought to the test; that Marks had taken timber for rails and fuel from the land in dispute, and that he and the plaintiff had made sugar on it for a number of years past; that the plaintiff having a number of rails made on the disputed ground, one night by moon light laid the worm of a fence outside of his inclosure, but within the interference; a year or two before the trial he had two or three hundred rails made, which he put upon the old fence, made by Marks, about fifteen years ago, and with these and some of the old rails he afterwards built his new fence, where he had laid the worm by moon light, and that the defendants, from this fence, took the rails, both old new, the whole of which had been made on the disputed land, and put them upon their fence, which constitutes the alledged trespass, for which the action was brought.
On the part of the defendants it appears that they or some of them had a regular title derived from the elder patents; that in 1785 the persons under whom they claim settled within the patent boundary, outside of the interference, and about two years afterwards, before Marks, or any other person had settled under the adverse patent, had cleared and put in meadow about two acres of the interference; and that the defendants, sometimes used timber from the disputed land, and claimed title thereto.
After the evidence on both sides was gone through, the plaintiffs’ moved the court to instruct the jury, that, if they believed the whole of the evidence, they must find for the plaintiff the value of all the rails which he had made, and the defendants had taken away, and particularly the value of the old rails which were once on the plaintiff’s fence, and from thence taken by him to the fence he put up in the night, and from thence removed by the defendants and put into their fence. The court took time to advise, and *448 by consent of the parties, the jury rendered a verdict, subject to the opinion of the court upon the points of law reserved. The court afterwards gave judgment for the defendants—from which the plaintiff appealed to this court.
An elder patentee entering on an interference, before the entry of his adversary, is in possession to the extent—and the subsequent entry of the junior patentee is an ouster only to the extent of his close.
Possession is sufficient to maintain trespass ag'st, a stranger, but is not so against one having title
Tho' a junior patentee having been possessed of lands more than 7 years, may have acquired title to his i closure, yet that does not give him title to lands entered upon but for two years.
We have no doubt of the correctness of the decision of the circuit court, upon the points made by the instructions asked for by the plaintiff. As the defendants had the elder title, and an entry on the land was made by their ancestor prior to any entry having been made by the plaintiff, or any one under whom he claims, upon the tract covered by the interfering patent, it is evident, according to the repeated decisions of this court, that they must be held to be in the actual possession of the interference, except as far as they had been ousted by the plaintiff, or some one under, whom he claims. The inclosure made by Marks of part of the interference, as well as that which had been made more recently by the plaintiff, must we apprehend, have amounted to an ouster of the defendants, and gained for plaintiff a possession to that extent. But that possession so gained could not be extended beyond the enclosures by declarations of an intention to take possession of the residue of the interference; nor could the using of the timber or the interference, or the claiming title thereto, by the plaintiff, have that effect; for these circumstances were sufficiently repelled by the actual pedis possessio of a part of the interference by the defendants, their also using the timber on the interference and their claim of title thereto. But admitting the plaintiff to have gained the possession to the extent of the inclosure, he could not, on that ground merely, maintain an action against the defendants for an invasion of that possession, for possession alone, though sufficient to maintain an action of tresspass quare clausum fregit against a stranger, is not sufficient to maintain such an action against those who have title. The plaintiff, indeed, may have gained the title to the land inclosed by Marks, fifteen years ago, under the act to compell a speedy adjustment of land titles, 4 Littell, 345, which forbids all remedy for the recovery of land after an adverse possession of seven years under an interfering claim; but there is no pretence to say that he could have gained a title to the additional part of the interference inclosed by himself, only about a year before the commencement of the action, and it was upon the latter fence the alledged trespass was committed.
But it is contended for the plaintiff, that the rails were *449 his, though the land was not, and that although he cannot maintain the action for a trespass upon the land, he may for the taking and carrying away the rails, especially those which had been upon his old fence.
Rails made of timber growing on an interference, belong to the proprietor of the soil: the matter and the quality is the same.
But if by the labor of a wrong doer, the crude articles changed to a subject of a different species, the right owner looses his property, and must seek compensation in damages.
B. Hardin for appellant, Wickliff for appellee.
The timber of which the rails were made, having grown upon the interference, must have belonged to the defendants, who had the right to the freehold, and the mere act of converting the timber into rails, could not have changed the property of the timber. For the law is, that notwithstanding any substance may have received an accession of value by natural or artificial means, as by the growth of vegetables, the pregnancy of animals, or, the conversion of wood or metal into vessels or utensils, the original owner of the thing is entitled, by his right of property, to the property of it, under its state of improvement. 2 Blac. 404. If, indeed, the thing itself be changed by such operation, into a different species, or by making wines, oil, or bread, out of another's grapes, olives, or wheat, it belongs to the new operator, who is only to make satisfaction to the former owner, for the materials he had so converted. Ib.
Upon this principle, the rails, no doubt, which had been removed by the plaintiff, and put upon a fence upon his land, having thereby become a part of the freehold, must, while they remained there, have belonged to him, as the freehold itself was his property. But upon the same principle when the rails were again removed by the plaintiff, and put into a fence on the land of the defendants, thus became attached to the freehold of the defendants, and belonged to them as the freehold itself did.
The judgment must be affirmed with costs.