*88 Opinion of the Court,
by Judge Owsley.
THIS ejectment was brought by Hprd against Bodley in the court below, and was served upon the tenants in possession on the 12th of August, 1817.
Although the elder patentee, in coníawPlmust be adjudged to be possessed the lan?’ „¡or patentee had an autua,ie®^emeni: ,v¡X0°ut being actually oust®d,^the tee may1 elect to be disseizetI> for ,he °f under which the expdkscl.
The act of 1 t0 com‘ pel the ’usta<*"f iancTclaims does not vary the law.
*89 Each party claims the land in contest under adverse interfering patents. The patent under which Bodley claims, is admitted by tiie parties to be junior in date to that under which Hord claims, and both are admitted to bear date prior to 1795. It is also admitted, that in that year, and after Bodley had obtained a anee from the patentee of the claim under which he holds, he entered upon the land and settled a tenant within the boundary common to both patents, intending thereby to take the possession to the extent of his patent boundary, and that the settlement and possession so acquired by Bodley, have been continued down to the present time, except so far as the same have been, divested by the following evidence and admission of the parties, to wit: It was admitted, that Hord, intending to take the possession to the extent of the patent dary under which he claims, in 1804, entered upon and improved part of the land included within the patent of each party, and it was proved that he has ever since kept up a continual claim to the whole of the land, at times extending the improvement which he made 1804, and that in 1807 he settled a tenant on another part of the land, and has continued to keep the same tenanted ever since. .; ■
Upon these admissions and evidence, Hord moved the court to instruct the jury, that if they believed from the evidence that he entered upon the interference before the passage of the act to compel the speedy ment of land claims, and before the defendant had been in possession twenty years, and that he had entered witli an intention to take possession of the whole of the land, and had continued under such entry to make continual claim and to use and cut the timber as his own, notwithstanding the lapse of! time, his action might be maintained for all the interference, whether enclosed or not; but the court overruled the motion, and refused in give the instructions to the jury.
Bodlev then-moved the court to instruct the jury, that it they should be ot opinion, that he had been in al possession, by settlement on the land in controversy for more than seven years before the commencement this suit, under title as admitted, they ought to find for him; but the court overruled the motion, and instructed the jury, that if they were of opinion that Hord entered upon the wood-land prior to the passage of the *90 act entitled “an act to compel the speedy adjustment of Ian(l claims,” and before Bodley had been twenty years possessed thereof, with an intention of occupying the whole, that the plaintiff might well maintain his action a§a*nsfl ^,e defendant, provided the jury should be of opinion the defendant had made entry upon and ejected the plaintiff from any part of the woodland, &c. To the opinion of the court in refusing to instruct the jury as asked by the plaintiff, Hord, he excepted; and Bodley excepted to the opinion refusing the instructions asked by him.
The jury found a verdict in favor of Hord for all the land which was not actually enclosed by Bodley in 1810, and the court rendered judgment ¿hereon accordingly. To reverse that judgment, each party has prosecuted a writ of error.
Hord, in his assignment of errors, complains of the decision of the court in overruling his motion for instructions to the jury; and Bodley, in his assignment of errors, complains of the rafusal of the court to in'struct the jury as asked for by him.
Unless the act of February, 1809; to . compel the speedy adjustment of land claims, produces a different result, it is perfectly clear, that the instructions asked for by Hord, ought to have been given to the jury. The legal right of entry derived by Hord under; the elder grant from the commonwealth, we know, would have been barred by an adverse possession of twenty years,, according to the provisions of the general statute of limitations, in force at the passage of the act of 1809; but under that statute, the principle has long since been settled, that an entry upon land by the person having the legal right of entry, stops the running of the statute, when in favor of a person taking the adverse possession, it had commenced to run; and the motion of Hord for the court to instruct the jury that his action might be maintained for the whole of the land in controversy, was hypothecated upon the fact of his having, within less than twenty years after the possession was obtained by Bodley, and witliin less than twenty years before the commencement of his action, entered upon the land in contest, with an intention of becoming possessed of the whole. It is true, that although Hord entered upon the land, he does not appear to have actually expelled Bodley therefrom; but possessing the right to enter, *91 and having, in fact, entered with an intention of taking the possession of all 'the land in contest, he must, by construction-of law, be adjudged to have thereby become possessed of the whole; for, says Littleton, “where two be in one house, or other tenement, and the one claimeth by one title, and the other by another titlej the law shall adjudge him in possession that hath right to have the possession of the same tenements.” See 791 Co. Lit. folio 380 a.
But in argument it was contended, that if, by his entry, Hord became possessed of the land, the admission of facts and evidence in the cause, show that his action cannot be sustained; for, said the counsel, the action of ejectment is a possessory action, sustainable only where the person having the legal right of entry, has been ousted of the possession; and it was insisted, that from the admission of facts and evidence in the cause, Hord still retains all the possession which he gained by his entry upon the land; so that upon the supposition of his having obtained the possession by his entry, there has been no ouster of that possession, to authorise a recovery by him of any part of the land in contest.
That Hord must be considered as retaining all the possession which he acquired by his entry upon the land, will not be controverted by the court. But it does not thence follow, that his action cannot be maintained^ for although, in legal contemplation, he be adjudged to be possessed of the land, Bodley, nevertheless, has an actual settlement thereon, and asserts claim to the same under an adverse title, and in such a case, without being actually ousted of his possession, it is upon common law principles competent for Hord to eleqt to be .disseized, for the purpose of trying the title, and for the purpose of obtaining a judgment under which Bodley may be expelled from the actual occupation of the land. Nor can we admit that a different result is produced by the act of February, 1809. To come within the operation of that act, it is not only necessary that there should be an actual settlement upon the land by Bodley under an adverse title to that of Hord, but it is also essential that there should be a continuation of the adverse possession by him for the time prescribed in the act. But if we are correct in supposing, that by his entry Hord acquired the possession of all the land in contest, and that he has never since been ousted of that possession, *92 it is impossible that Bodley can have held such a continued adverse possession, as to bring his case within the operation of the act of 1809.
A majority of the court (the Chief Justice dissenting) are of opinion, therefore, that the court erred in refusing the instructions asked for by Hord.
The judgment must, consequently, be reversed, the cause remanded, to the court below, and the verdict of the jury set aside, and further proceedings there had, not inconsistent with this opinion. Bodley must pay the costs of both writs of error in this court.