## Bodley vs. Hord.

Error to the Mason Circuit; W. P. ROPER, Judge.

*Occupant laws. Habere facias possessionem. Continuance. Practice.*

Judge MILLS delivered the opinion of the court.

THIS is an ejectment, and was heretofore brought to this court, and decided, and the report of the case will be found in 5 Litt. Rep. 88. On the return of the cause to the court below, Hord succeeded in obtaining a judgment for all the land in dispute, and Bodly obtained the appointment of commissioners to value improvements. This took place at the Novembor term, 1824, of the court below.

At the August term, 1825, Hord obtained a rule against Bodley, to shew cause why he had not procured a report from the commissioners, and why, on account of the delay, a writ of possession should not issue.

*Margin notes:*
MOTION.

Case 64.

June 10.

Statement of the case.

BODLEY
vs.
HORD.

Order of the
circuit court
for writ of
possession.

Cause shewn
against the
rule.

At the November term, 1825, this rule was heard, and a writ of possession was ordered. The only cause shown by Bodley, why he had not proceeded with the commissioners to obtain the valuation of improvements, was, that there was a chancery suit depending between the parties for the same land, and an interlocutory decree was rendered therein, at the said November term, 1825.

In that chancery suit, an agreement had been entered into, and signed by the parties, in which, among other things, touching the preparation of the suit, the following clause was inserted: "And it is further agreed between the parties, that all other suits depending between the parties, or upon the claims under which they hold, so far as their claims interfere, shall await the final decision of this suit." This agreement was signed and sealed, and remained on file in the chancery suit. The land here in controversy was the same controverted in equity. The court below nevertheless ordered execution to issue, and Bodley, to that order, has prosecuted this writ of error.

If the unsuc-
cessful de-
fendant in
ejectment,
after having
commission-
ers appoint-
ed under the
occupant
laws, fail to
cause them
to act and
report, the
plaintiff may,
after the pro-
per rule, have
an order for
the writ of
possession.

Agreement
between the
parties relied
on against the
rule, and mo-
tion for the

It was certainly proper to take the method resorted to by Hord, for the purpose of bringing the claim for improvements to a close. He could not be bound to lie by forever under the claim for improvements, without its being brought to an issue, and without any remedy to hasten his adversary; and the mode he pursued was a proper one. The claim set up by Bodley for improvements was, in the nature of a suit, and as all other suits may be dismissed when the plaintiff will not proceed to trial or prepare for it; so may this claim. Hord, on this occasion, waited about nine months upon Bodley, and in that time no step was taken to value improvements. He was, therefore, justifiable in attacking the order.

The question then remains, was the written agreement shewn by Bodley, sufficient to excuse his delay and neglect to execute the order? We conceive not. That agreement was not an entry on record, nor was it made to operate as an injunction. To give it even that effect in a court of equity, it would

have to be set up by bill, or proper allegations, and an injunction be obtained thereon, in usual terms. It was, therefore, not competent to barely produce this writing in answer to a motion, in one of the common law suits referred to therein, and there to ask that it might operate as an injunction, and stay all proceedings. Such an agreement is contestible, and may be set aside, and to give it specific performance on motion, would give it an incontestible effect. The most that could be made of it would be a continuance, lest he should be surprised. But the instrument is not produced for that purpose. Moreover, if the agreement could have had such an affect once, it had been violated without controversy, and Bodley had acquiesced in the violation. The parties had progressed in this ejectment without seeming to suppose that it was affected by the agreement till the judgment was obtained which terminated the suit for the land, and there was properly no suit depending about the land. That was ended, and the claim of Bodley for improvements was a new claim, resulting from the determination of the first suit, and one to which the spirit of the agreement did not apply to delay it. The operation of the agreement upon the ejectment might have been effectual before judgment, and the parties not having so applied it, raises a presumption that it was done away, or did not apply; and as the judgment is obtained, it could not still be made use of to protract the controversy for improvements by keeping the order appointing commissioners always existing, and yet never to be executed till the chancery suit was ended.

The judgment is affirmed, with costs.

*Crittenden* and *Bledsoe* for plaintiff; *Triplett* for defendant.

BODLEY
vs.
HORD.

writ of *habere facias possessionem*, held under the circumstances of the case, inapplicable, and not sufficient cause against the rule.

Judgment affirmed.