Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of ejectment. The lessor read two patents, each covering the land in controversy — one to Young and Tibbs, issued in 1785; the other to Harvey, issued in 1787.
The defendants in the action (plaintiffs here,) claimed under a patent younger than either of the former ; had enclosed apart of the interference, between their grant and those of Harvey and of Young and Tibbs, more than twenty years prior to the institution of this suit, and retained the ground thus enclosed, without interruption, up to the trial.
But a prior possession of all the land embraced in Harvey’s patent, had been taken by tenants under Harvey’s vendee, who held and claimed to tiie whole extent of the patent, though none of them had ever made an actual entry within the interference. But the possession so taken, under Harvey’sfpatent, before the entry made under the junior grapt, had also been continued to the trial, except so far as it had been disturbed by the entry within the lap, by those claiming under the junior title.
Upon these facts, the circuit court instructed the jury, that the statute of limitations protected the plaintiffs in error, only to the extent of the boundary which had been actually enclosed for twenty years; and verdict and judgment were rendered accordingly.
As Tibbs had died before the date of the patent to himself and Young, no title vested in his heirs until 1792, when an act of assembly operated so as to vest the legal title in them ; and consequently, as their title was ^er*ve<^ h’om the act of assembly, which operated only as a grant to them, of the date of the act, Harvey’s title *267 must be deemed senior to their’s. And thus Harvey and Young might, perhaps, be considered as tenants in common.
The possession of one tenant in common is deemed the possession of all— nothing appearing to the contrary.
When a grantee enters upon his land, his possession, by construction of law, extends to the boundaries ofliis grant; and if a junior grantee enters on the land, the elder will be ousted of so much as the junior actually encloses, and no more ; for, tho’ an actual entry will, a constructive entry will not, oust a tenant whose possession is merely constructive.
But, nevertheless, as the possession of one tenant in common should be deemed the possession also of his co* tenant, nothing to the contrary appearing, the occupancy under Harvey’s patent must be considered as inuring to the benefit equally of Young, and consequently was,when taken, co-extensive with their common boundary. But if Harvey entered, not as tenant in common, but adversely to Young, then he was, by construction, in the actual adversary possession to the extent of his boundary, and could not have been evicted by an entry, under a junior patent, beyond the actual enclosure; and his twenty years adverse possession would entitle him to recover even against Young.
The only question for consideration, therefore, is whether the principle assumed in the instruction given by the court, is true.
As the entry under the senior grants, was made with the intention of taking possession of the entire boundary, and was made before there had been any adversary entry under the junior patent, the holders of the elder title must be deemed to have been in actual possession to the extent of their boundary.
The subsequent entry, within the lap and under the junior patent, did not operate as a disseizin beyond the actual enclosure made by the person so entering, or by some person who succeeded him ; because, as the entry under the junior patent would extend the actual possession beyond the enclosure by construction of law only ; and as by the same constructive operation, the prior possession under the elder title was co-extensive with the boundary of that title, the constructive possession, accompanying or resulting from the subsequent entry under the inferior right, cannot defeat, or affect, the preexisting constructive possession under the superior right.
An entry under a junior grant can give actual possession to the extent of the title, when, and only when, “ the possession is vacant.” Fox vs. Hinton, 4 Bibb, 560. And if, at the time of the entry, the elder patentee bo in *268 actual possession, even by construction, that possession wjjj not divested by a mere constructive entry or possession by an adversary claimant ; but the prior posses-gion will continue, except so far as it shall have been actually ousted.
An entry by a junior patentee upon the actual possession of a senior patentee, cannot be construed as an ouster, farther than there shall be a disseizin in fact. Two persons, claiming adversely to each other, cannot, at the same time, be in the constructive possession of the same land. Therefore, so far as the plaintiffs in error claimed to be in possession of the unenclosed land, within the lap, by construction onhj, the prior constructive possession of the elder patentees would be sufficient to shew that the actual possession remained in them. A pedispossessio will not be ousted by a constructive entry ; nor will a constructive possession by the true owner, be ousted by any entry, or occupancy,, short of that which is actual ; nor beyond the boundary of the actual occupancy .of the junior claimant.
Wherefore, the judgment of the circuit court appears lo be right, and must be affirmed.