LAURA B. HISER, ET AL., *v.* NARCISSA THOMPSON, ET AL.

**Adverse Possession.**

> Long continued possession and control of real estate is not enough to overcome the legal presumption that one holds according to his title. In order to make his holding adverse to the other heirs who had undivided interests it was necessary not only that his possession should be open and notorious, but he must show that his co-heirs had actual knowledge that he was claiming against them, or such facts from which it would be inferred that they had such knowledge.

APPEAL FROM HART CIRCUIT COURT.

October 25, 1877.

OPINION BY JUDGE COFER:

The evidence conduces to prove that Wm. Wells, the father of Mrs. Thompson, was the owner of all the land in contest in this case, and it is established by the appellants' pleadings, as well as by

the evidence that Wm. R. Wells, the father of Mrs. Hiser and a co-heir of Mrs. Thompson, entered into possession and held the land under the widow of Wm. Wells.

This being the case the holding of Wm. R. Wells was prima facie amicable, and not adverse to his co-heirs, and it devolved on him to show such facts as converted his holding into one adverse to them. *Moss v. Currie,* 1 Dana 266; *Stevenson v. Huddleson,* 13 B. Mon. 299.

The only evidence conducing to show that Wm. R. Wells claimed the whole land against his co-heirs is his long continued possession and control. But this is not enough to overcome the legal presumption that he held according to his title. In order to make his holding adverse to them it was necessary not only that his possession should be open and notorious, but it was necessary to show that the co-heirs had actual knowledge that he was claiming against them, or to show such facts as would warrant the inference that they knew he was so claiming. *Russell's Heirs v. Marks's Heirs,* 3 Met. 37; *Gossom v. Donaldson,* 18 B. Mon. 230; *Young v. Adams,* 14 B. Mon. 127.

No such facts were shown in this case. Wm. Wells was in possession of all the land at his death, and the subsequent possession of his widow and W. R. Wells, not having been adverse to Mrs. Thompson, inured to her benefit.

The appellants claimed that W. R. Wells had purchased Mrs. Thompson's interest. Of this there is no sufficient evidence. The alleged declaration of her husband at the sale of the property of Wells, that the steer spoken of had been sold to him to complete the payment for his wife's interest in the land, is not enough to prove that a sale had been made, and especially is it wholly insufficient to prove a sale valid and enforcible against a married woman.

The court below did not act on the appellants' exceptions to depositions, and we doubt whether we would have any authority to reverse, even if the depositions should have been excluded, and it appeared that without the evidence contained in them the judgment should have been different. But waiving this we think the judgment should have been the same if all the depositions excepted to had been excluded.

The judgment must therefore be *affirmed.*

*H. Muller, Edwards & Seymour, for appellants.*

*A. Jas. Jones, Samuel H. Richardson, for appellees.*