*563 OPINION of the Court, by
Ch. J. Boyie.
This Was an ejectment, on the trial of which the defendants relied upon their adverse possession for more than 20 years prior to the commencement of the action, in bar of the plaintiff’s recovery.
It appeared that the defendants, or those under whom they hold, had, more than twenty years before the suit was brought, entered upon their respective tracts or parcels of land, and cleared and enclosed parts thereof, claiming title thereto under deeds of conveyance previously made to them according to specified boundaries j but although the person who made the conveyances claimed the land under a* entry, it did not appear that *564 tbe entry covered the land, nor did it appear that there had been any survey made or patent issued in virtue of the entry, until within less than twenty years prior to bringing the action.
On this state of the case, the question was made in the court below, whether t he possession of the defendants should be coextensive with the boundaries of their respective deeds, or be confined to their close or fences ?
That court decided that their possession was coextensive with the boundaries of their deeds, and so instructed the jury : and whether that decision is correct or not, is the only point presented by the record in this case.
We have no hesitation in saying that the court below decided correctly. The case of Fox vs. Hinton, (ante 559) we apprehend, is conclusive upon this point. It was held in that case that where there are two patents interfering with each other, while the possession remains vacant an entry is made on the land within the interference, by one claiming title under the junior patent, his possession shall not be limited to his close, but be construed to be coextensive with the interference ; and in principle we can perceive no difference in this respect between tire case of a possession acquired under a junior patent and a possession obtained under a deed With definite boundaries, which was made by one having no title. In either case the tract or parcel of land, the possession of which is intended to betaken, is equally certain ; and the junior patent could not, no more than such a deed, confer a title. If even color of title was necessary, as was supposed in the argument on the part of the appellant, we could not doubt that the deed would be as efficacious as the patent for that purpose. But we cannot admit that the entry being made under color of title, can have any effect in such a case : for to constitute an ouster, whether it be by abatement, intrusion, disseisin or deforcement, the act must be tortious ; and certainly it could not be less so if done without color of title, than if it had been done under color of title.
An entry, indeed, to amount to an ouster, must be made under claim of title ; for otherwise it would not appear that the possession was adverse to him who had the right of entry ; and to make an adverse possession more extensive than the close, it is necessary that the claim should be to a tract or parcel of land abutted by definite metes and bounds; for otherwise, as there would *565 be nothing to show a greater extent of possession, it must of necessity be confined to the actual close. But in this case it appears that the defendants took possession of the land in dispute claiming title ; and the question as to the extent of their possession, as presented in the record, presupposes that the tracts or parcels of land claimed by them respectively, are defined by metes and bounds.
Judgment affirmed.