## Harmon v. Lowe.

April 22, 1949.

E. J. Picklesimer for appellant.

P. B. Stratton for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellee, who instituted this action below, claims title to a small triangular tract of land under a senior patent. Appellant claims the same tract under a junior patent. These patents overlap and the disputed triangular portion lies within the boundary lines of each patent. Thus the question is presented as to the rights of the parties where a junior patent overlaps a senior patent.

Appellee, by this action, sought to quiet his title to this disputed tract and also asked for judgment against appellant in the sum of $250 for the cutting and removing timber therefrom.

Excepting and excluding from the tract a small portion which had been enclosed by appellant, the court adjudged appellee to be the owner of the tract.

Appellant, insisting that he is the owner of the entire tract, prosecutes this appeal. Appellee, insisting that appellant is not entitled to any portion of the overlap, cross appeals.

Appellant contends his entry upon the tract under the junior patent extended his possession to the exterior boundary line thereof which embraced the disputed tri-

angular portion. However, it must be kept in mind that appellee, under the senior patent, was in possession. Such possession thereunder extended to the exterior boundary line. The senior patent must prevail unless something happens to divest the owner thereof of title. There would be merit in appellant's contention if, at the time of his entry under the junior patent, appellee had not already been in possession under the senior patent. The evidence discloses that appellant had actually enclosed and had been in actual possession of a portion of this disputed triangular tract for more than 15 years before this action was instituted.

The law seems to be quite definitely settled that an entrant, under a junior patent which lies wholly or partly within a senior grant and wherein the owner of the senior grant is in possession of his boundary, will be limited to so much of the land as he actually encloses. See Cassada v. Vanhook, 282 Ky. 383, 138 S.W.2d 1003, and Madon v. Commonwealth ex rel. Nadler, 303 Ky. 586, 198 S.W.2d 320. The court properly so adjudged.

On his cross appeal appellee insists that appellant did not make out a case to show that he was entitled even to that portion which had been actually enclosed. This he maintains is true because, as defendant below, appellant did not seek or pray for any relief, did not claim to own any land, and nowhere described any territory or tract of land that he was entitled to, but contented himself by merely denying each and all of the affirmative allegations of the plaintiff's original and amended petitions. However, it is admitted that the proof, as introduced, indicated a claim of ownership to that particular overlapped and disputed tract of land.

Appellee relies on Section 125 of the Civil Code of Practice, which provides:

"In an action for the recovery of land, the answer of the defendant must state whether or not he claims it, or any part of it; and, if he claims part of it, his answer must so describe such part that it may be identified."

We have held the above requirement to be imperative. See Brent v. Long et al., 99 Ky. 245, 35 S.W. 640.

It will be recalled that this was an action to quiet title. Such an action is one for the recovery of land with-

in the meaning of the above section of the Civil Code. Patton v. Stewart, 173 Ky. 220, 190 S.W. 1062.

The above obligatory requirements of the Code apply only in the event the defendant is seeking affirmative relief. According to the evidence the defendant had enclosed and was in actual possession of a portion of this disputed tract. It has been held that in an action to recover land in possession of defendant mere denial of title is sufficient and it is not necessary for defendant to set up title in himself. Simms v. Simms, 88 Ky. 642, 11 S.W. 665.

As appellee insists in his cross petition, appellant did not seek or pray for relief, did not claim to own the land, and did nothing more than deny the allegations of plaintiff's petitions. No doubt the learned Judge below had all this in mind in entering the judgment, since no relief was granted defendant nor any declaration made relative to his rights.

Attention is further directed to the fact that appellee in his deposition on cross examination stated that the portion of land excepted from the tract had been cleared and fenced for 30 or 35 years. Thus, it will be seen he admitted that that portion of the land had been enclosed and in the possession of others for that period of time. Consequently, the court, in entering the judgment below, adjudged that the title of the disputed triangular tract was in the plaintiff below, excepting the small portion which had been enclosed. By this the court affirmatively adjudged the title of the tract to be in the plaintiff below, excepting that small portion. This was nothing more nor less than a judgment divesting the plaintiff below of title to that portion and without any declaration or quieting of title in the defendant, or granting to the defendant any relief. Under the pleadings and facts the court properly so adjudged.

Wherefore, the judgment is affirmed on both the appeal and cross appeal.