Margaret ARNOLD et al., Appellants,

v.

Kittie HEFFNER et al., Appellees.
Court of Appeals of Kentucky.

Oct. 23, 1959.

As Modified on Denial of Rehearing Jan. 22, 1960.

B. L. Kessinger, Jr., W. T. Smith, Lexington, for appellants.

Shackelford & Burnam, Chenault & Coy, Richmond, for appellees.

STANLEY, Commissioner.

This is an action in ejectment where the plaintiffs (appellants) set up title to 284 acres of unenclosed lands on Travis Branch in Jackson County, derived from two patents issued by the Commonwealth in July, 1850, and November, 1898, and charged that the defendants (appellees) were in wrongful possession of the land. They prayed that the defendants be ejected and the court adjudge the plaintiffs to be the owners in fee simple and entitled to be placed in possession.

The defendants denied the several allegations of the complaint which were material to the issues and prayed that it be dismissed. They did not seek recovery or other affirmative relief, nor did they plead their title by record or adverse possession. However, they submitted evidence of adverse possession as to a 234-acre tract overlapping a portion of each of the tracts described in the two patents under which plaintiffs claim. The extent of overlap totals some 40 or 50 acres. The defendants showed also a chain of title deriving from a 500-acre patent issued in 1849, through which chain their 234 acres can be clearly identified in all of the conveyances but the patent itself, which seems to cover in the main a tract to the north of and including only a small portion of the 234 acres.

The trial court found that the descriptions in certain deeds in plaintiffs' chain of title were too indefinite to identify the property as covering the particular land in dispute; that plaintiffs had not established title by adverse possession; and that defendants had established title both by record going back to the 500-acre patent and by adverse possession. The complaint was therefore dismissed.

Though we are of the opinion that plaintiffs have proved their title from the Commonwealth that the 500-acre patent relied on by defendants is not the proper source of their title and that the findings of the trial court in those respects were incorrect, yet we believe that defendants' evidence clearly establishes title by adverse possession and that the dismissal of the complaint must be sustained on that basis.

The two tracts claimed by plaintiffs lie roughly in an east-west direction and are separated by a long narrow valley or corridor down which runs the bed of Travis Branch from west to east. The northernmost of these two tracts, called the Kidd patent, comprises 84 acres, and the southerly tract, the Anglin-Hamblin patent, covers 200 acres. The 234-acre tract claimed by defendants embraces the eastern extremity of each of these tracts and includes the corridor or valley between these two extremities. In 1948 a lessee of the defendants opened a mine on the north side of Travis Branch, within the 234-acre tract claimed by defendants and within the 84-acre Kidd patent. Apparently the mine is located just within the south boundary of the Kidd patent, near which point a fork of the branch or creek enters from the north. Plaintiffs, who neither possessed, resided, nor paid taxes on the land, claim that the opening of the mine was their first notice of an adverse occupation.

The evidence for defendants showed that over a period of many years they had cut and removed timber, leased for oil and gas, paid taxes, and exercised other acts of dominion through various instruments and documents, most of which, however, cover a considerably larger description of lands in the immediate vicinity and from which it cannot be determined what, if any, physical acts of use or occupation occurred within the confines of the particular 234-acre tract of defendants which overlaps the lands claimed by defendants. But beyond this they proved that in 1918 they had moved a small cabin from the south side of the creek to a point north of the creek near the present mine opening, and that they and their tenants occupied that cabin from 1918 to 1954 under claim of their 234-acre title. Since 1918 a road has been constructed, roughly paralleling and north of Travis Branch, down the valley to the mine

entrance. The cabin is located on the left or north side of this roadway and east of the mine. Witnesses estimated its location to be anywhere from 300 to 600 feet from the mine entrance, but none of the six plats submitted in evidence locates it. Appellants contend that it has not been satisfactorily proved that the cabin is within the Kidd patent, impliedly suggesting that it may be in the aforementioned corridor separating the two patents, and that defendants thus have failed to prove *actual* possession within the overlap (cf. Cline v. Blackburn, 292 Ky. 713, 168 S.W.2d 5; McCoy v. De Long, 58 S.W. 704, 22 Ky.Law.Rep. 719; and Trimble v. Smith, 4 Bibb 257, 7 Ky. 257. On the record, however, we are satisfied from a comparison of the testimony of the witnesses with the physical features shown on the exhibits, and from the testimony of at least one of the witnesses to the effect that "the cabin is located on the property now in controversy," that there was sufficient evidence to support the chancellor's finding in this respect.

It is further contended by appellants that defendants could not rely upon title by adverse possession because they failed to plead the statute of limitations as is required by CR 8.03. They submit also that the court was in error in considering depositions of the defendants because the time granted for the taking of depositions had expired when they were taken.

■ CR 8.03 provides that in pleading to a preceding pleading a party shall set forth affirmatively certain enumerated defenses, among which is "statute of limitations." The question is whether this rule mandatorily requires that adverse possession be pleaded in defense of an action in ejectment, which is essentially an action to recover possession of land.

■ Under the former Code a plea of the statute of limitations as a defense was required unless the fact of a bar was disclosed in the petition. Rule 8.03 seems to be declaratory of settled rules of pleading long in effect, particularly as to the statute of limitations. It was not necessary under the Code that a party in an ejectment action set up the source or character of his title or that the defendant set up title by answer, it being sufficient for the defendant to deny wrongful possession. Alexander v. Duncan, 247 Ky. 422, 57 S.W.2d 58. In Harmon v. Lowe, 310 Ky. 60, 219 S.W.2d 982, it was held in an action to recover land in possession of the defendant that mere denial of title was sufficient and it was not necessary that the defendant set up title in himself. See also Hornsey v. Adams, 86 S.W. 514, 27 Ky.Law.Rep. 683; Asher v. Howard, 122 Ky. 175, 91 S.W. 270, 28 Ky.Law. Rep. 1097; Simmes' Heirs v. Simmes, 88 Ky. 642, 11 S.W. 665, 11 Ky.Law.Rep. 131. In Powell v. Jones, 294 Ky. 386, 171 S.W.2d 994, it was held adverse possession could be proved where it is available. We construe Rule 8.03 as not requiring a defendant to plead adverse possession merely to refute by evidence an allegation of his wrongful possession.

■ By agreement and a pretrial order, the testimony was taken by depositions. We find the argument that the defendants' depositions should not have been considered not to be meritorious. It is contended that the time extended the defendants for completion of the proof, CR 43.04(2), had expired before another extension was granted. It appears that one of the chief counsel for the defendants was continually ill for some time, and the trial of the case pursued a leisurely course for over three years. By an order entered June 11, 1956, defendants were given until September 1, 1956 "to complete their evidence by deposition;" plaintiffs were given until October 15, 1956, "to complete their evidence, in rebuttal, by deposition;" and both parties were granted until October 30, 1956, "to file herein their respective depositions." On July 26, 1956, defendants moved at the close of plaintiffs' evidence that the action be dismissed. On August 16, 1956, while this motion was pending, the trial court signed an order granting time in which to brief the question

and granting defendants an extension of time, until 30 days "from the entry of an order on said motion," in which to take their evidence. This order is shown on its face to have been jointly prepared by counsel for plaintiffs and counsel for defendants. It was entered October 13, 1956, and became effective on that date. CR 58. The delay in getting the order to the clerk's office resulted, of course, in its not being effective on or before September 1, 1956, the deadline under the previous order of June 11, 1956, and this technicality is the gist of appellants' position. However, without taking up the propriety or validity of an order extending the time for taking depositions, entered after the time has expired, we are inclined to believe that when counsel for opposing parties jointly prepare an order of this nature and have it signed by the court it constitutes an agreement which, in the absence of other circumstances, estops either from availing himself of the technical late filing.

Since it is clear that the plaintiffs, now appellants, failed to establish their right to possession of the land in controversy, the trial court properly dismissed the complaint.

To the extent that it dismisses the complaint, the judgment is affirmed.