**Joseph AVERITTE, Appellant,**

v.

**W. E. HUTCHINSON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 3, 1967.

Joseph R. Wilson, Louisville, for appellant.

Victor W. Ewen, Jones, Ewen, MacKenzie & Peden, Louisville, for appellees.

IRA D. SMITH, Special Commissioner.

Appellant, Joseph Averitte, seeks reversal of an order overruling his motion to set aside an order dismissing his complaint in the Jefferson Circuit Court based upon his refusal to answer certain interrogatories filed.

Appellant contends that he is entitled to relief under CR 60.02. We agree with the appellant that every litigant should have his day in court; but he should abide by the rules. The mere fact that the appellant, Joseph Averitte, sustained bodily injury and property damage in an automobile accident and that his first attorney failed to obtain a successful settlement, filed a suit to protect his client from the Statute of Limitations, and then withdrew from the case, does not relieve appellant from the use of diligence in pursuing his cause. CR 60.02 provides six grounds for relief from

a final judgment or order, the sixth providing "any other reason of an extraordinary nature that might justify relief."

In Fortney v. Mahan, Ky., 302 S.W.2d 842, the court said:

"Two of the factors to be considered by the trial court in exercising its discretion are whether the movant had a fair opportunity to present his claim at the trial on the merits and whether the granting of the relief sought would be inequitable to other parties."

In this case under review, it would appear that the appellant had full knowledge of the interrogatories to be answered and although they had been filed November 21, 1961, the trial judge did not enter the order dismissing the action until March 1, 1963; and it was not until June 1, 1966, that appellant's present counsel filed his motion under CR 60.02 to set aside the order dismissing.

We believe that the trial judge fairly and accurately summed up the situation as follows:

"* * * That the Court has the right to act in behalf of the plaintiff in this matter is beyond question, but the Court's action must be predicated upon doing that which is just, correct and reasonable. The trial Court is of the opinion that the defendant is now placed in an untenable position to properly defend himself. Mr. W. Carey Thompson, counsel for the defendants has died in the interim, the files have long since been closed and stored. If there was dereliction upon the part of anybody in this pending action, it must be placed upon plaintiff's counsel, who failed to properly represent him, if so they did. That he has suffered a wrong, there can be no question but his cause must be pursued against those who placed him in the situation he now finds himself in, rather than against the defendants, who were not a party to the dereliction, nor to any intention to defeat his claim, except by just and honorable means in a court of law."

We can only conclude that the trial court in overruling appellant's motion did not abuse his discretion and that this was not such an extraordinary case as to demand relief.

The judgment is affirmed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.