**CITY–COUNTY PLANNING COMMISSION, LEXINGTON, Kentucky and City of Lexington, Kentucky, Appellants,**

v.

**FAYETTE COUNTY FISCAL COURT et al., Appellees.**

**Richard SUTHERLAND, Jr., Cross-Appellant,**

v.

**CITY–COUNTY PLANNING COMMISSION, LEXINGTON, Kentucky, Cross-Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1970.

Richard P. Moloney, Moloney & Moloney, William C. Jacobs, Lexington, for appellants.

Armand Angelucci, Fayette County Atty., E. Lawson King, Asst. Fayette County Atty., Lexington, for appellees.

C. Gibson Downing, Stoll, Keenon & Park, Lexington, for cross-appellant.

Richard P. Moloney, Moloney & Moloney, Lexington, for cross-appellee.

STEINFELD, Judge.

On August 9, 1968, the Fayette Circuit Court entered final judgment dismissing a suit brought by the City-County Planning Commission of Lexington, Kentucky, and others seeking to vacate a change in the zoning classification of a large tract of land belonging to Mr. and Mrs. Henry W. Gentry. There was no appeal from that judgment. The decision in Boron Oil Company v. Cathedral Foundation, Inc., Ky., 434 S.W.2d 640 was rendered November 15, 1968. Claiming that the judgment was contrary to Boron, a motion was made on April 9, 1969, under CR 60.02 to set it aside. The motion was overruled, hence this appeal.

Between the date of the entry of the judgment and the filing of the motion to set it aside, the Gentrys sold the land to Blue Sky, Inc., a development company, organized by Richard Sutherland, Jr., and his partner, Marvin Lear. The sale was pursuant to a contract entered into before the zoning change, making the sale contingent upon the change of zoning classification of the land. In addition to the purchase price the developer spent and contracted to spend large sums of money for

engineering and legal services. During that period it secured the required permits but was thwarted at every move by those protesting against the development. It participated in many hearings and engaged in extensive litigation in all of which the developer was successful. At no time, until the motion to set aside the judgment was made, did anyone contend that the judgment was invalid.

The appellants now contend that the trial court erroneously rejected their application. CR 60.02 provides in part: "On motion, a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: * * * or (6) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, * * *." We deem it unnecessary to consider or discuss the question of whether the trial court was authorized to sustain the motion for the reason asserted, however, we have grave doubt that an appellate opinion in another case would, alone and of itself, provide a valid basis for re-opening a judgment that had become final. When empowered to act the rule gives discretion to the trial court. In Fortney v. Mahan, Ky., 302 S.W.2d 842 (1957), we said:

> "* * * On motion, the court is empowered to relieve a party from a final judgment under certain extraordinary circumstances and upon such terms as it deems just. CR 60.02 addresses itself to the sound discretion of the trial court. * * * (citing cases) Two of the factors to be considered by the trial court in exercising its discretion are whether the movant had a fair opportunity to present his claim at the trial on the merits and whether the granting of the relief sought would be inequitable to other parties * * *".

We find nothing to indicate that the court abused its discretion, therefore, we will not disturb its order. Richardson v. Brunner, Ky., 327 S.W.2d 572 (1959) and Averitte v. Hutchinson, Ky., 420 S.W.2d 581 (1967).

Richard Sutherland, Jr. has cross-appealed contending that strangers, acting without right, filed the motion under CR 60.02. Since we are upholding the order of the trial court we find it unnecessary to consider the issues raised on the cross-appeal.

The judgment is affirmed.

All concur, except REED, J., who did not participate in the decision and did not sit.