RENDERED:  DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0234-MR

SHARON PURKEY                                                    APPELLANT

APPEAL FROM ROCKCASTLE CIRCUIT COURT
v.        HONORABLE TERESA WHITAKER, JUDGE
ACTION NO. 22-CI-00153

MUSTARD SEED PROPERTY
GROUP, LLC                                                        APPELLEE

AND

NO. 2023-CA-0430-MR

SHARON PURKEY                                                    APPELLANT

APPEAL FROM ROCKCASTLE CIRCUIT COURT
v.        HONORABLE TERESA WHITAKER, JUDGE
ACTION NO. 22-CI-00153

MUSTARD SEED PROPERTY
GROUP, LLC                                                        APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND A. JONES, JUDGES.

JONES, A., JUDGE:  These appeals involve a parcel of real property located in Rockcastle County, Kentucky.[1]  In Appeal No. 2023-CA-0234-MR, Appellant, Sharon Purkey, argues the Rockcastle Circuit Court ("circuit court") erred when it granted summary judgment to Appellee, Mustard Seed Properties ("Mustard Seed").  Additionally, in Appeal No. 2023-CA-0430-MR, she challenges the circuit court's denial of her CR[2] 60.02 motion.  Following review of the record and all applicable law, we affirm the circuit court in both appeals.

## I.  BACKGROUND

The property in question is located at 154 Gray Buck Drive in Mt. Vernon, Rockcastle County, Kentucky, and includes a single-family residence.  On September 26, 2022, Mustard Seed filed a complaint against Purkey, claiming it was the rightful legal owner of the property and that Purkey had no right to continue residing there.  Mustard Seed stated it had acquired the property from A&R Contractors, LLC ("A&R") for $67,000 via a General Warranty Deed

---

[1] On its own motion, this Court ordered these two appeals consolidated to the extent that they would be addressed in a single Opinion.

[2] Kentucky Rules of Civil Procedure.

recorded on March 22, 2022, in Deed Book 282, Pages 506-08, in the Office of the Rockcastle County Clerk. A copy of the deed was attached as an exhibit to the complaint.

Mustard Seed's complaint states that Purkey refused to vacate the property and claimed an interest in it based on an unrecorded document titled "Real Property Sales Agreement" dated May 29, 2012, between herself and Alysia Turner. Mustard Seed further alleged that it conducted a title search before the sale, which revealed no record of Turner or Purkey having any interest in the property. Mustard Seed requested a judgment declaring it the superior and sole rightful owner of the property and ordering Purkey to surrender and vacate the premises.[3]

Jeremy Rowe, Purkey's attorney of record at the time, agreed to accept service of the complaint on Purkey's behalf, and service was completed on or about September 29, 2022. On December 6, 2022, after Purkey failed to file an answer, Mustard Seed moved for a default judgment. Alternatively, Mustard Seed moved for summary judgment, arguing that it purchased the property for consideration and without knowledge of any claimed interest by Purkey. Since

---

[3] Before filing its complaint in circuit court, Mustard Seed initiated a forcible detainer action against Purkey in Rockcastle District Court (Case No. 2022-CI-00095). The district court dismissed the action, finding that no landlord-tenant relationship existed between the parties. The district court advised Mustard Seed that it would have to file an action in circuit court to obtain the relief it requested.

neither Purkey nor Turner appeared in the recorded chain of title, Mustard Seed maintained that it was entitled to judgment in its favor. In support of its motion for summary judgment, Mustard Seed submitted: (1) an affidavit from its manager, James Green; (2) the Rockcastle District Court forcible detainer complaint and order of dismissal; (3) the General Warranty Deed between A&R and Mustard Seed dated March 22, 2022; (4) a Title Opinion for the property dated February 5, 2022, prepared by Coffey & Ford, PSC; and (5) the unrecorded May 29, 2012, agreement between Purkey and Turner.

Although Purkey did not respond to the motion for default judgment, she did file a brief response to Mustard Seed's motion for summary judgment. In her response, Purkey admitted that Mustard Seed purchased the property from A&R and obtained a General Warranty Deed. She also acknowledged that her agreement with Turner was never recorded. With respect to that agreement, Purkey asserted:

> [Purkey] entered into a Standard Agreement of Sale/Land Contract, dated May 29, 2012, for the purchase of real property at issue in this action, which is 154 Gray Buck Drive, Mt. Vernon, Rockcastle County, Kentucky 40456. The agreement was entered into between [Purkey] and Alysia Turner. [Purkey] was to make monthly payments beginning June 1, 2012[,] and continue to pay for ninety-six consecutive months until paid in full. It was [Purkey's] understanding that Turner was purchasing the property from William E. Anglin, Jr., under a separate installment land contract. Anglin is an organizer and member of A&R Contractors, LLC. On or about June

-4-

2019, Turner told [Purkey] that Anglin had purchased her interest in the property and that [Purkey] would now need to make her monthly payments to Anglin. [Purkey] made attempts to contact Anglin to make payments directly to him, but she was unable to make payment arrangements with him. [Purkey] contacted an attorney, Hon. Jeremey B. Rowe, to assist her regarding Anglin's failure to accept payments from her. Attorney Rowe spoke with Anglin in a brief telephone conversation. Anglin stated that he did not have time to deal with the issue at the present and they would talk later. A second conversation never took place. [Purkey] states that Anglin knew of her agreement with Turner for a period of years prior to his agreement with Turner to purchase her interest in the property. . . .

Purkey intends to file claims against Anglin and Turner as third-party defendants for their role in this property dispute, which she would be obligated to bring in this action. Anglin had knowledge of [Purkey] and her claim to the property at the time he sold the property and did not disclose to [Mustard Seed] prior to [A&R's] General Warranty Deed to [Mustard Seed].

01/05/2023 Resp. to Sum. J. Mot. Purkey did not support her response with an affidavit or any other documentary evidence.

On January 10, 2023, the circuit court entered an order granting Mustard Seed's motion for summary judgment. The court found it undisputed that Mustard Seed acquired the property as a bona fide purchaser for value from A&R and promptly recorded its interest with the Rockcastle County Clerk, thereby establishing its title as superior to Purkey's claim. The court further noted that, although Purkey claimed to have obtained an interest in the property from Turner, no evidence was presented showing that Turner ever held an interest in the

property. Additionally, on January 18, 2023, the circuit court entered a writ of possession in favor of Mustard Seed.

Subsequently, with the assistance of new counsel, Purkey filed a CR 59.05 motion to alter, amend, or vacate the judgment and writ of possession. She argued that the judgment and writ were contrary to law, as she could establish an ownership interest through adverse possession.[4] The circuit court denied Purkey's motion on the ground that it was procedurally improper, as Purkey had not presented any arguments or evidence claiming an ownership via adverse possession either before or while Mustard Seed's motion for summary judgment was pending before the court. Alternatively, the circuit court concluded that KRS 413.060 did not apply because Purkey could not trace her title back to the Commonwealth of Kentucky as required by the statute. On February 27, 2023, Purkey filed a notice of appeal seeking review of the circuit court's January 10, 2023 judgment in favor of Mustard Seed, Appeal No, 2023-CA-0234-MR.[5]

---

[4] This time, Purkey argued that the statutory period was seven years, as she could establish an equitable interest in property under Kentucky Revised Statute ("KRS") 413.060.

[5] In her notice of appeal, Purkey indicated that she was also seeking review of the circuit court's denial of her CR 59.05 motion. However, "we do not have jurisdiction over the [circuit] court's denial of a CR 59.05 motion." *Ford v. Ford*, 578 S.W.3d 356, 365 (Ky. App. 2019). "Unlike a ruling denying a motion for relief under CR 60.02, a ruling on a CR 59.05 motion is not a final or an appealable order. There is no authority in the rules to ask for reconsideration of a mere order which rules on a motion to reconsider a judgment." *Mingey v. Cline Leasing Serv., Inc.*, 707 S.W.2d 794, 796 (Ky. App. 1986). Since the denial does not alter the judgment, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion irrespective of the inclusion of finality language. *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 (Ky. App. 2011).

While her appeal challenging the circuit court's judgment in favor of Mustard Seed was pending before this Court, Purkey filed a motion with the circuit court seeking to have the judgment set aside pursuant to CR 60.02(a) (mistake, inadvertence, surprise or excusable neglect); (d) (fraud affecting the proceedings); and (f) (extraordinary circumstances justifying relief). After addressing each of Purkey's grounds for CR 60.02 relief, the circuit court denied the motion. On April 11, 2023, Purkey filed a notice of appeal seeking review of the circuit court's order denying her CR 60.02 motion, Appeal No. 2023-CA-0430-MR.

## II. SUMMARY JUDGMENT ORDER (APPEAL NO. 2023-CA-0234-MR)

### A. *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The movant bears the initial burden of demonstrating that there is no genuine issue of material fact in dispute.

The party opposing the motion then has the burden to present, "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991); *Watson v. Landmark Urology, P.S.C.*, 642 S.W.3d 660, 666 (Ky. 2022). "A

-7-

party responding to a properly supported summary judgment motion cannot merely rest on the allegations in its pleadings." *Versailles Farm Home and Garden, LLC v. Haynes*, 647 S.W.3d 205, 209 (Ky. 2022) (citing *Continental Cas. Co. v. Belknap Hardware & Mfg. Co.*, 281 S.W.2d 914, 916 (Ky. 1955)).  "[S]peculation and supposition are insufficient to justify a submission of a case to the jury, and that the question should be taken from the jury when the evidence is so unsatisfactory as to require a resort to surmise and speculation."  *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (quoting *Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951)).

"An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018).  The standard of review for an appellate court is *de novo* because only legal issues are involved. *Isaacs v. Sentinel Ins. Co. LTD.*, 607 S.W.3d 678, 681 (Ky. 2020).

### *B. Analysis*

Purkey's appellant brief is somewhat difficult to follow, and it raises a myriad of alleged shortcomings by the circuit court. Although there are some slight nuances, Purkey's assignments of error fall within four main categories: (1) the circuit court erred in its application of the fifteen-year limitation to adverse possession; (2) the circuit court erred by failing to apply the seven-year limitation arising under KRS 413.060; (3) the circuit court erred by failing to void Mustard Seed's deed under the theory of champerty pursuant to KRS 372.070; and (4) summary judgment was premature.

Purkey claims she preserved her arguments through her briefs, in open court, and by way of her motion to alter, amend or vacate. This Court has reviewed the response Purkey filed on January 5, 2023, in opposition to Mustard Seed's motion for summary judgment. At no point therein did Purkey claim to have obtained an interest in the property through adverse possession; make mention of KRS 413.060, KRS 372.070, or champerty; request additional time to take discovery; or claim that all necessary parties were not before the circuit court. The January 6, 2023 hearing on Mustard Seed's motion for summary judgment is not included in the record, so we have no way to verify with certainty whether

those issues were raised at that time.[6]  Suffice it say, the circuit court indicated in its order denying CR 59.05 relief that she did not do so.

While Purkey undoubtably raised these issues in her CR 59.05 motion, it came too late.  CR 59.05 is very limited.  It is not intended to be used in the way Purkey used it.  Its primary purpose is to allow parties to call errors of law and fact to the circuit court's attention prior to appeal.  However, "[a] party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 894 (Ky. 2005).

Citing *Arnold v. Heffner*, 330 S.W.2d 943, 945 (Ky. 1959), Purkey claims that her response to Mustard Seed's summary judgment motion denying that she was wrongfully possessing the property was sufficient to preserve her claim to the property through adverse possession.  In *Arnold*, the Court held that adverse possession did not have to be affirmatively pled so long as the defendant denied being in wrongful possession in his *pleading*.  The operative word is *pleading*.  Our rules of civil procedure, CR 7.01 and CR 7.02, clearly distinguish between pleadings and motions and other papers; a motion or response thereto is *not* a pleading.  In this case, Purkey did not file any pleadings.  The naked arguments of

---

[6] "It is the responsibility of the appellant to ensure that this Court receives the complete record. We must presume that the missing parts of the record support the findings of the trial court." *Brannock v. Brannock*, 598 S.W.3d 91, 95 (Ky. App. 2019) (citations omitted).

her counsel in her summary judgment response are not sufficient to invoke the rule described in *Arnold.*

In short, Purkey's arguments concerning adverse possession, champerty, and necessary parties were not raised prior to entry of the circuit court's order granting summary judgment to Mustard Seed. Those arguments were raised for the first time as part of her CR 59.05 motion. This was too late.

> [R]eferencing a motion to alter, amend, or vacate in support of proper preservation, as Wilburn does here, is problematic because "a party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of judgment." *Rumpel v. Rumpel*, 438 S.W.3d 354, 365-66 (Ky. 2014) (internal quotation marks and citations omitted). We will not consider any arguments which were only raised in an appellant's CR 59.05 motion; *see Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019).

*D.W. Wilburn, Inc. v. H&H Painting, LLC*, 648 S.W.3d 687, 693 (Ky. App. 2022).

Accordingly, we decline to review those issues in any more detail.[7]

---

[7] Even assuming that Purkey had properly raised the issue of adverse possession, it appears highly doubtful she could have prevailed under the "facts" described in her response. While Purkey took up residence in 2012, she did so with permission and her right to continue residing on the property was contingent on her making monthly payments, which her attorney indicated she continued doing through at least June 2019. This is the earliest her possession could be deemed hostile. *Cherry Bros. v. Tennessee Cent. Ry. Co.*, 299 S.W. 1099, 1103 (Ky. 1927) ("It is a well-settled principle that possession by a vendee under an executory contract of sale is not adverse to that of his vendor until he has performed the conditions thereof or repudiated the latter's title."). Likewise, as the circuit court pointed out, Purkey could not rely on KRS 413.060, as she failed to trace her claim back to the Commonwealth. *Sanford v. Lewis*, 180 S.W. 776, 778 (Ky. 1915).

We will evaluate the circuit court's judgment only in light of the evidence and arguments at the time it entered summary judgment in favor of Mustard Seed. Relying on KRS 382.270, Mustard Seed argued that it purchased the property and recorded its deed without notice that Purkey claimed any interest in it. Mustard Seed's motion was supported by affidavits and other documentary evidence. Purkey did not present any countervailing evidence, not even her own affidavit or request additional time to take discovery. Despite her protestations to the contrary, Purkey did not produce "more than enough evidence" of the existence of issues of material fact between the parties to defeat Mustard Seed's motion for summary judgment. In reality, she did not produce any evidence at all. Purkey's response to Mustard Seed's summary judgment motion contained only the naked arguments of counsel most of which laid the blame on Turner, A&R, and Anglin without offering any defense to Mustard Seed's claim to superior ownership. *Miller v. Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009) ("[T]he arguments of counsel are not evidence.").

"Whether a summary judgment was prematurely granted must be determined within the context of the individual case." *Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007). "The trial court's determination that a sufficient amount of time has passed and that it can properly take up the summary judgment motion for a ruling is reviewed for an abuse of discretion." *Blankenship*

-12-

*v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010). Purkey did nothing in this case until Mustard Seed filed its motions for default and/or summary judgment. Even then, Purkey did not request time to file an answer and complete discovery as related to Mustard Seed's complaint against her. At best, she indicated that she intended to bring Turner and Anglin into the lawsuit. While Turner certainly could have done so, we do not believe their absence prevented the circuit court from fully adjudicating Mustard Seed's claim against Purkey or was grounds for the circuit court to delay deciding Mustard Seed's motion for summary judgment.

For the reasons set forth above, we affirm the circuit court's order granting summary judgment to Mustard Seed.

### III. ORDER DENYING CR 60.02 RELIEF (APPEAL NO. 2023-CA-0430-MR)

#### A. *Standard of Review*

CR 60.02 allows a court to grant a party relief from a final judgment upon one of several listed grounds, including mistake, newly discovered evidence, perjury, fraud, a void judgment, or for other extraordinary reasons. Because the law favors the finality of judgments, CR 60.02 should be applied cautiously, and relief should be granted only "under the most unusual and compelling circumstances." *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). We review the circuit court's decision to deny CR 60.02 relief for an abuse of discretion. *City-*

-13-

*Cnty. Planning Commission, Lexington v. Fayette Cnty. Fiscal Court*, 449 S.W.2d 766, 767 (Ky. 1970).

Purkey maintains the circuit court erred when it failed to apply the shorter statute of limitation set forth in KRS 413.060, and this error of law should have compelled the court to grant her relief under CR 60.02(a). Purkey asserts that certain findings made by the Rockcastle District Court regarding the time she possessed the property entitled her to rely on KRS 413.060 and should have prompted the circuit court to investigate the nature of her right more carefully prior to granting summary judgment. When distilled down, the district court's order simply concluded that Mustard Seed could not maintain a forcible detainer action in district court because there was not a landlord tenant relationship between the parties, and to the extent that Mustard Seed was seeking a legal determination regarding legal ownership it had to proceed in circuit court. Any other statements by the district court were mere dicta and not binding on the circuit court.

Additionally, Purkey was represented by counsel in the circuit court action. She had ample opportunity to present facts and evidence to the circuit court prior to summary judgment. Yet, she chose not to do so. In fact, she did not even bring up KRS 413.060 until after summary judgment had been entered against her. She cannot blame either Mustard Seed or the circuit court for her own failures, and she cannot rely on CR 60.02 to raise arguments that could have been raised earlier

-14-

in the proceedings. ("[O]ne of the chief factors guiding the granting of CR 60.02 relief is the moving party's ability to present his claim prior to the entry of the order sought to be set aside." *U.S. Bank, NA v. Hasty*, 232 S.W.3d 536, 542 (Ky. App. 2007)). "It is true that CR 60.02 cannot be used to correct judicial fact-finding errors or legal conclusions." *Hoffman v. Hoffman*, 500 S.W.3d 234, 237 (Ky. App. 2016).

Purkey also suggests that Mustard Seed engaged in fraud affecting the proceedings.

> [F]raud upon the court is that species of fraud which does or attempts to subvert the integrity of the court itself. . . . Such fraud has been construed to include only the most egregious conduct, such as bribery of a judge or a member of the jury, evidence fabrication, and improper attempts to influence the court by counsel. More recently, extrinsic fraud has been defined to include "fraud occurring outside the courtroom that interferes with presentation of the losing party's evidence to the extent that he or she is 'prevented from appearing or presenting fully and fairly his side of the case[.] Notably omitted from the definition of fraud upon the court or extrinsic fraud are fraudulent representations or concealments made during court proceedings.

*Edwards v. Headcount Management*, 421 S.W.3d 403, 406 (Ky. App. 2014) (internal quotation marks and citations omitted).

After Purkey failed to answer its complaint Mustard Seed filed a motion for default judgment, and alternatively a motion for summary judgment. Both were served on Purkey's counsel, and Purkey had the opportunity to defend

against the claims both in writing and during a hearing. Nothing in the record suggests that Mustard Seed engaged in fraud. The circuit court did not abuse its discretion by refusing to set aside the judgment on the basis of fraud. *Goldsmith v. Fifth Third Bank*, 297 S.W.3d 898, 904 (Ky. App. 2009).

Purkey also maintains that Mustard Seed's failure to appoint a warning order attorney to serve her unknown spouse and/or any unknown occupants of the property justifies setting aside the judgment against her. A review of Mustard Seed's complaint reveals that those parties were included out of an abundance of caution, and any claim they had to the property was merely derivative of Purkey's claim. Thus, the circuit court was able to and did adjudicate all Mustard Seed's claims against Purkey without those parties. Their absence did not prejudice Purkey and is not an extraordinary circumstance justifying relief under CR 60.02. *Progressive Direct Insurance Company v. Hartson*, 661 S.W.3d 291, 297 (Ky. App. 2023) ("Any such error did not result in manifest injustice and does not constitute palpable error. Even if the error was preserved, Progressive is estopped to deny its liability because of its actions in this case.").

Because we are affirming the circuit court's decision granting summary judgment and refusing to set aside its judgment pursuant to CR 60.02, we decline to review the propriety of its order granting Mustard Seed's writ of possession as moot. Suffice it to say, after Mustard Seed was determined to be the

rightful owner of the property, it had a right to compel Purkey to vacate the property and assume possession of it. *Leonard v. Farmers & Traders Bank, Shelbyville*, 605 S.W.2d 770, 772 (Ky. App. 1980).

### III. CONCLUSION

For the foregoing reasons, we affirm the Rockcastle Circuit Court in Appeal Nos. 2023-CA-0234-MR and 2023-CA-0430-MR.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Heidi Weatherly
Mt. Vernon, Kentucky

BRIEF FOR APPELLEE:

Kory Odell Isaacs
Richmond, Kentucky